```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                              IN CLERK'S OFFICE
                                                       US DISTRICT COURT E.D.N.Y.
-----------------------------------------------------------X
                                                           ★   SEP 23 2019   ★
RONALD RAMOS,                              :
                                           :                BROOKLYN OFFICE
                    Plaintiff,             :
                                           :               MEMORANDUM & ORDER
          v.                               :               17-CV-4632 (WFK)
                                           :
COMMISSIONER OF SOCIAL SECURITY,           :
                                           :
                    Defendant.             :
-----------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Ronald Ramos ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) alleging the Acting Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied Plaintiff's application for Disability Insurance Benefits under title II of the Act. The Plaintiff has moved for Judgement on the pleadings under Federal Rule of Civil Procedure 12(c). *See* ECF No. 14. Defendant also moves for judgment on the pleadings. *See* ECF No. 16. For the reasons set forth below, Defendant's motion is DENIED.

## PROCEDURAL HISTORY

On June 8, 2015, Plaintiff filed an application for Disability Insurance Benefits (SSDI) under the Social Security Act ("the Act") alleging disability commencing on September 13, 2014. Tr. 152-155, 172, 201. The Plaintiff alleged he was disabled due to impairments of his back, neck, knees and shoulder. *Id.* at 171. Plaintiff's application for SSDI was denied on August 27, 2015. *Id.* at 72-76. The Plaintiff appealed the SSI denial of his claim on September 14, 2015 and requested a hearing before an administrative law judge. *Id.* at 82-83. A hearing was held before ALJ Margaret Donaghy on January 19, 2017 where the plaintiff appeared with counsel. *Id.* at 40-61. The ALJ issued a decision denying the Plaintiff's claim on February 17, 2017. *Id.* at 17-37. The Appeals Council denied the Plaintiff's request for review on June 8, 2017, making the ALJ decision the final determination of the Commissioner. *Id.* at 1-4.

Plaintiff then filed a complaint with the United States District Court for the Eastern District of New York on August 7, 2017. Compl., ECF No. 1. Plaintiff and Defendant both move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Pl.'s Notice of Mot. for J. on the Pleadings, ECF No. 14; Pl. Mem. of Law in Support of Mot. for Judgment on the Pleadings ("Pl. Mem."), ECF No. 15. Def. Mem. of Law in Support of Def. Cross-Mot. for J. on the Pleadings ("Def. Mem."), ECF No. 17, and Pl's Mem. of Law in Further Support of Mot. for J. on the Pleadings ("Pl. Mem. in Further Support"), ECF No. 18.

## STATEMENT OF FACTS

Both parties accurately portray the contents of the administrative record. Accordingly, rather than provide a lengthy recitation of the facts based on the ample administrative record, the Court adopts the factual background as set forth in both parties' briefs and discusses the evidence to the extent necessary to determine the issues raised herein. *See* Pl. Mem.; Def. Mem.; Pl. Mem. in Further Support; *accord Juarez v. Berryhill*, 18-CV-189, 2019 WL 2162120 (S.D.N.Y. May 16, 2019) (Smith, M.J.).

## STANDARD OF REVIEW

When a claimant challenges a denial of disability benefits by the Social Security Administration, the Court's function is not to evaluate *de novo* whether the claimant has a disability but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g); *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (applying "substantial evidence" standard of review). Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation

marks omitted). The reviewing court must examine the entire record, weighing the evidence on both sides to ensure the claim "has been fairly evaluated." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

The Commissioner, not the courts, "weigh[s] the conflicting evidence in the record" and resolves such conflicts. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). "While the ALJ need not resolve every conflict in the record, the crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268-69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation marks omitted). To fulfill this burden, the ALJ must "'adequately explain his reasoning in making the findings on which his ultimate decision rests'" and must "'address all pertinent evidence.'" *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

Ultimately, the issue before the Court is not whether Plaintiff, in argument on appeal, can articulate an interpretation of the evidence in her favor, but whether a reasonable factfinder could have weighed the evidence as did the ALJ. *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Id.* But if the ALJ applied an improper legal standard, or if there are gaps in the administrative record, then remand is warranted. *See Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

## DISCUSSION

### I. Determination of Disability

#### A. Applicable Law

"To be eligible for disability insurance benefits, an applicant must be 'insured for disability insurance benefits.'" *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (quoting 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1)). Generally, an applicant must apply for benefits during the period in which she satisfies these earning requirements. If the applicant does not apply for benefits during this period, she may still obtain benefits if she has been under a continuous period of disability that began when she was eligible to receive benefits. *Hartfiel v. Apfel*, 192 F. Supp. 2d 41, 42 n.1 (W.D.N.Y. 2001) (Larimer, J.).

To be eligible for SSI benefits, an individual must be "aged, blind, or disabled" as defined in 42 U.S.C. § 1382c and, *inter alia*, meet the resource and income limits specified in the Act. For purposes of both SSDI AND SSI benefits, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

To evaluate a disability claim, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. §§ 404.1520, 416.920. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). First, the Commissioner must determine whether the claimant is engaged in

"substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the fifth and final step is to determine whether the claimant can perform any job based on his or her RFC and vocational considerations—work experience, age, and education. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The claimant bears the burden of proving the first four steps, at which point the burden shifts to the Commissioner at the fifth step. *Rosa v. Callahan*, 168 F.3d 72, 77-78 (2d Cir. 1999).

### B. The ALJ's Decision

On February 23, 2017, ALJ Donaghy issued a decision following the five-step procedure to evaluate Plaintiff's claim. Tr. 17-37. At the first step, ALJ Donaghy determined Plaintiff did not engage in substantial gainful activity since the date of his alleged onset, September 13, 2014. *Id.* at 22. At the second step, he found the Plaintiff suffered from the medically determinable impairments of bilateral knee derangement status-post bilateral knee arthroscopy and status-post left shoulder arthroscopy. *Id.* At step three, ALJ Donaghy considered whether the Plaintiff's impairments met or equaled Listing 1.02 or any other of the listed impairments in Appendix 1 of the regulations and determined that they did not. *Id.* at 23. ALJ Donaghy then assessed the

Plaintiff's RFC, which must be based on all relevant medical and other evidence in the record. *See* 20 C.F.R. § 404.1520(e). ALJ Donaghy determined that plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(a) with additional limitations that he could occasionally climb ramps and stairs, stoop and balance; can occasionally reach overhead with his left arm; can kneel, crouch and crawl less than occasionally; can never climb ladders, ropes or scaffolds and should be permitted to change positions every hour for up to 5 minutes while remaining at his work station. Tr. 23. At the fourth step, ALJ Donaghy found the Plaintiff was unable to perform any past relevant work as a police officer I, which was skilled and medium, or as a bus driver, which was semi-skilled and medium. *Id.* at 31. At the fifth step, ALJ Donaghy determined based upon vocational expert testimony elicited from Jay Steinbrenner, there existed a significant number of jobs in the national economy that plaintiff can perform within the range of "sedentary work." *Id.* at 31-32. Accordingly, the ALJ found that plaintiff was not disabled for purposes of the SSA and was thus ineligible for benefits. *Id.* at 32-33.

## II. Analysis

The Plaintiff has raised an argument simultaneously attacking both the RFC and the fact that the ALJ violated the treating physician rule. We will address the issue of the RFC, which is not supported by substantial evidence in the case. We decline to address the issue of whether the ALJ violated the treating physician rule. The ALJ did purport to give great weight to the consulting source's opinion but in fact disregarded his finding that the Plaintiff was limited in his ability to sit for prolonged periods. This is a significant issue, because it was the opinion of all medical sources that the Plaintiff was limited in his ability to sit for prolonged periods and in finding that the Plaintiff was able to sit for six hours the ALJ effectively imposed her own non-

expert judgment in their stead. That eclipses the issue of which actual medical source she should have given greater weight, rendering it moot.

The Plaintiff argues there is no support in the medical record for the finding that the Plaintiff is capable of sitting for six hours in an eight-hour day. We agree.

The finding the Plaintiff is capable of sitting for six hours in an eight-hour day with only a five minute break each hour is contradicted by the medical evidence and contradicted by all medical opinions in the record. By finding that the Plaintiff is capable of sitting for six hours in an eight-hour day, the ALJ has rendered a finding which is unsupported by the medical record as a whole.

The ALJ specifically noted that she gave "great weight" to the findings of Dr. Shtock, who specifically opined the Plaintiff would have moderate to marked limitations in sitting. A moderate to marked impairment is not consistent with an ability to sit for six hours with only a five-minute break per hour. That is not consistent with even the lower end of a moderate impairment. It is clearly not consistent with a marked impairment. Additionally, the ALJ gave less weight to the opinion of Dr. Ciancimino who opined that the Plaintiff could sit for only one hour in an eight-hour day, but acknowledged Dr. Cinancimino's finding.

The medical evidence in this case in no way contradicts the findings of Dr. Schtock or Dr. Ciancimino. The Plaintiff underwent a course of painful injections as well as physical therapy three times a week for more than a year and when that was not successful underwent surgery on both knees. When surgery proved unsuccessful, the Plaintiff was subjected to another round of physical therapy as well as additional injections.

The ALJ gave no alternate source upon which to base her contradictory finding that the plaintiff could sit for six hours. Thus, the ALJ has instead made a finding that the plaintiff has a

mild limitation in sitting. In doing so, the ALJ "substitute[d] [her] own expertise or view of the medical proof for those" of a medical professional and committed legal error. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *see Hilsdorf v. Comm'r of Soc. Sec.*, 724 F.Supp.2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error.").

Moreover, it is of note that each examining source noted that the Plaintiff was required to use an assistance device and to wear knee braces. There is no mention of either in the RFC which the ALJ set forth. This is error. While courts have held the use of a cane or other durable medical equipment does not necessarily limit a plaintiff to sedentary or less than sedentary work, it is error to ignore the need for such devices. In *Wright v. Colvin*, No. 6:13-cv-06585 (MAT), 2015 WL 4600287, at *4-5 (W.D.N.Y. July 29, 2015), the court found the ALJ failed to properly consider whether it was medically necessary for the plaintiff to use a cane. *See also Miller v. Colvin*, No. 1:13-CV-1388 (GLS/ESH), 2015 WL 1383816, at *8 (N.D.N.Y. Mar. 25, 2015). In that case, the Plaintiff argued that the ALJ erred when he failed to discuss, evaluate, and incorporate his need for a cane into the RFC determination. *Id.*

Insofar as the ability to sit for six hours is crucial to the finding the Plaintiff is capable of engaging in sedentary work, we find that that decision is unsupported by substantial evidence. Because we find that the ALJ substituted her own opinion for those of medical experts in her finding that the Plaintiff was capable of sitting for six hours in an eight-hour day, we cannot reach the threshold level to determine if substantial evidence supports the opinion. Indeed, a district court reviews the Commissioner's decision to "determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts*, 388 F.3d

at 384 (citing *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002)). Moreover, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in light of correct legal standards." *Klofta v. Mathews*, 418 F.Supp. 1139, 1141 (E.D.Wis.1976), *quoted in Gartmann v. Secretary of Health and Human Services*, 633 F.Supp. 671, 680 (E.D.N.Y.1986).

## CONCLUSION

For the above-mentioned reasons, Defendant's motion for judgment on the pleadings, ECF No. 16, is DENIED. The Court hereby REMANDS this action to the Social Security Administration for further proceedings, including a new hearing and a new decision, consistent with this opinion. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2019
      Brooklyn, New York